IN THE MATTER OF: DENNIS PAUL MELLOTT

No. 7512DC412

(Filed 17 September 1975)

**Criminal Law § 76— statements of minor — test of admissibility**

A minor has the capacity to make a voluntary confession, even of capital offenses, without the presence or consent of counsel or other responsible adult, and the admissibility of such a confessison depends not on his age alone but on a combination of that factor with such other circumstances as his intelligence, education, experience, and ability to comprehend the meaning and effect of his statement.

APPEAL by respondent from *Guy, Judge.* Juvenile adjudication order and juvenile disposition order entered 11 February 1975 in District Court, CUMBERLAND County. Heard in the Court of Appeals 2 September 1975.

Respondent was charged in a juvenile petition with being a delinquent child in that he shot out the rear glass of a camper truck owned by one Robert Wells.

Deputy Clyde Goins, Cumberland County Sheriff's Department, a witness for the State, testified that he was called, on December 19, 1974, to the home of Mr. Robert Wells in Fayetteville to investigate a complaint about some windows at the Wells' home that had been "shot out." As a result of his investigation, Deputy Goins went to the homes of Dennis Mellott, Anglish Jacobs, and Ronald Jacobs and took them into custody for questioning. After the deputy advised each of the boys of his *Miranda* rights, Anglish Jacobs admitted shooting at the picture window at the Wells' home, and Dennis Mellott stated that he had shot at the camper window of a pickup parked in Mr. Wells' driveway.

Mr. Robert Wells testified that on the evening of December 19, 1974, he heard some glass breaking in his house; that Deputy Goins came to his home later to investigate the matter; and that he did not see Dennis Mellott in the vicinity of his home that evening.

Anglish Jacobs testified that after school got out on the day in question, he, Dennis Mellott, and Ronald Jacobs went hunting; that later, after it began to get dark, Dennis, Ronald, and Anglish went out and crawled to the crest of a sand bank near the home of Robert Wells; that the sand bank was located

approximately fifty yards from the Wells' home; that Anglish had a B.B. gun, and Dennis had a pellet gun; that Anglish shot at the picture window of the Wells' house, and then saw Dennis shoot the pellet gun at the camper window; that he does not remember how many shots were fired or how many shots he heard.

Dennis Paul Mellott testified on his own behalf that he went hunting with Anglish and Ronald Jacobs after school on the day in question; that when it started to get dark, they went back to the Jacobs' house; that Mellott left and went to Randy Oxendine's house where he shot Randy's B.B. gun in his back yard for a while, and then went home.

Respondent was placed on probation for a period of two years in the custody of his mother.

*Attorney General Edmisten, by Robert R. Reilly, Associate Attorney, for the State.*

*John A. Decker, Assistant Public Defender, for the respondent.*

BROCK, Chief Judge.

Respondent urges this Court to adopt a rule that would prohibit the use of extrajudicial statements of a juvenile unless made in the presence of a parent or counsel, and after all of them had been advised of the juvenile's *Miranda* rights.

Respondent argues in his brief that he is only twelve years of age. However, the only finding or intimation of respondent's age in the record on appeal is that respondent is less than sixteen years of age. Be that as it may, we adhere to the principles approved in *State v. Dawson,* 278 N.C. 351, 180 S.E. 2d 140 (1971). "[A] minor has the capacity to make a voluntary confession, even of capital offenses, without the presence or consent of counsel or other responsible adult, and the admissibility of such a confession depends not on his age alone but on a combination of that factor with such other circumstances as his intelligence, education, experience, and ability to comprehend the meaning and effect of his statement." "The correct test of the admissibility of a confession is whether the confession was, in fact, voluntary under all the circumstances of the case."

The record on appeal in this case contains the following summation: "(At this point the court examined Deputy Goins con-

cerning the procedure that he used in advising each of the three boys of their MIRANDA rights prior to questioning. Deputy Goins testified that all three were fully warned and each advised the deputy that they understood their rights.)" Respondent offered no evidence upon the voluntariness of his confession to Deputy Goins. If respondent felt there was evidence tending to show a lack of voluntariness of his confession, whether such lack of voluntariness stemmed from his age or otherwise, surely he would have included it in the record on appeal for our review. We find no suggestion of circumstances surrounding the interrogation which would tend to render respondent's confession inadmissible.

Respondent's assignment of error to the refusal of the trial judge to dismiss the petition is without merit.

Affirmed.

Judges PARKER and ARNOLD concur.